IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Berl McKinnie, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *-vs-* | ) | No. 14-cv-_____ |
| | ) | |
| Thomas Dart, Sheriff of Cook County, | ) | *(jury demand)* |
| and Cook County, Illinois | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff refiles 13-cv-1372 and, by counsel, alleges as follows:

1.    This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), and 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §12133, 29 U.S.C. §794a(a)(2), and 28 U.S.C. §1343.

2.    Plaintiff Berl McKinnie is a disabled resident of the Northern District of Illinois; McKinnie is missing his right leg, and is able to walk by using a prosthetic limb.

3.    Defendant Thomas Dart is the Sheriff of Cook County.  Plaintiff sues Dart in his individual and in his official capacity.

4.     Defendant Cook County is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003) and in collaboration with

the Sheriff of Cook County is responsible for accommodating the needs of disabled persons incarcerated at the Cook County Jail.

5.      Plaintiff was a pre-trial detainee at the Cook County Jail from November 4, 2012 until April 18, 2013.

6.      Plaintiff entered the Jail with his prosthetic leg.

7.      As part of the intake procedure to the Jail, medical personnel employed by defendant Cook County determined that plaintiff was disabled and required his prosthetic leg in order to walk.

8.      In accordance with the official policies of defendant Dart, a correctional officer made the final decision of where plaintiff would be held in the Jail; these policies vested in a correctional officer the power to decide whether a detainee would be assigned to a housing unit which was handicap accessible (e.g., providing access to shower facilities equipped with grab bars and a shower chair), or to a non-handicap accessible housing unit.

9.      Before plaintiff entered the Jail on November 4, 2012, defendant Dart had learned through a case known as *Phipps v. Sheriff of Cook County,* 07-cv-3889, that the correctional officer in charge of determining housing assignments for wheelchair dependent detainees did not consider whether a particular housing assignment provided a reasonable accommodation for the detainee's disability. Dart adopted a revised policy for assignments of wheelchair bound detainees in response to the *Phipps* litigation; Dart failed until August 14, 2014 to adopt an

-2-

assignment policy for persons, like plaintiff, who are disabled but not wheelchair dependent.

10.    Plaintiff was initially assigned to Division 5 of the Jail; plaintiff made repeated complaints about this placement and was subsequently assigned to Division 2 of the Jail.

11.    Division 2 of the Jail includes two dormitories which are accessible to persons with ambulatory disabilities. These "handicap accessible dorms" are on the first floor, have toilet facilities and showers designed for persons with ambulatory disabilities.

12.    As a direct and proximate result of Dart's deliberate indifference and refusal to have adopted a housing assignment policy for disabled persons other than those who are wheelchair dependent,  plaintiff was assigned to a third floor dorm in Division 2. This housing assignment required plaintiff to walk up and down stairs to take part in jail activities of eating and getting prescribed medication.

13.    Plaintiff was unable to take part in the jail activity of showering while assigned to the non-handicap accessible housing unit. Plaintiff was required to remove his prosthetic leg when he showered; the shower in plaintiff's housing unit did not have a shower chair or other device that would allow plaintiff to remain in a stable position while showering.

14.    As a result of the foregoing, plaintiff was deprived of rights secured by the Fourteenth Amendment to the Constitution of the United States, and was unlawfully discriminated against in violation of § 202 of the Americans with Disabilities Act of 1990 (ADA) and § 504 of the Rehabilitation Act of 1973.

WHEREFORE, the Plaintiff prays an award of compensatory damages in excess of fifty thousand dollars, including an award of punitive damages against defendant Dart and that the costs of this action, including fees and costs, be taxed against the Defendants.

/s/   Patrick W. Morrissey
Thomas G. Morrissey
10249 S. Western Ave.
Chicago, Il. 60643
(773) 233-7900
Patrickmorrissey1920@gmail.com

Kenneth N. Flaxman
Joel A. Flaxman
200 South Michigan Ave Ste 201
Chicago, Illinois 60604
(312) 427-3200

*Attorneys for Plaintiff*