UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BERL MCKINNIE, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 9588 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | John R. Blakey |
| THOMAS DART, Sheriff of Cook County, | ) | |
| COOK COUNTY, Illinois | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' FIRST MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COME Defendants, THOMAS DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS through their attorney ANITA ALVAREZ, State's Attorney of Cook County, by and through one of her assistants, Nicholas E. Cummings, and moves this Honorable Court to dismiss the Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). In support thereof Defendants state as follows:

**INTRODUCTION**

On December 1, 2014, Plaintiff filed his complaint alleging violations of section 202 of the Americans with Disabilities Act (hereinafter "ADA"); Section 504 of the Rehabilitation Act (hereinafter "Rehab Act"); and 42 U.S.C. § 1983. Plaintiff alleges he is a disabled individual who uses a prosthetic leg. Dkt. 1, ¶ 2. Plaintiff further alleges that while he was a pretrial detainee in the Cook County Department of Corrections from November 2, 2012 to April, 18, 2013, the Sheriff failed to provide reasonable accommodations for Plaintiff's disability; specifically Plaintiff was "required to walk up and down stairs to take part in jail activities of eating and getting prescribed medication" and Plaintiff was unable to shower. *Id*. at ¶¶ 5, 12, 13.

1

While Plaintiff was a pre-trial detainee in the Cook County Jail, Plaintiff brought a civil action in this venue on February 20, 2013 against the same parties titled *Berl McKinnie v. Thomas Dart, Sheriff of Cook County et. al.*, 13-CV-1372 (N.D. Ill. 2013) (LEE, J). Plaintiff's 2013 case arose out of the same operative set of facts and circumstances as the instant case. *Compare McKinnie*, 13-CV-1372, Dkt. 1 *with* Dkt. 1 in the instant case. At the close of discovery, Defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. *McKinnie*, 13-CV-1372, Dkt. 35. The court in 13-CV-1372 granted summary judgment in favor of Defendants because Plaintiff failed to exhaust his administrative remedies prior to bringing his lawsuit[1] and dismissed Plaintiff's case without prejudice on August 26, 2014. *McKinnie*, 13-CV-1372, Dkt. 55.

Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because: 1) Plaintiff fails to state an adequate claim under § 1983; 2) Plaintiff's ADA and Rehab Act claims are barred by the statute of limitations; and 3) Defendant Dart cannot be held individually liable for ADA and Rehab Act violations.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that do not state an actionable claim. Granting a motion pursuant to 12(b)(6) is proper "where it appears beyond a doubt that the plaintiff s can prove no set of facts in support of their claims that would entitle them to relief." *Travel All Over the World v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1429-1430 (7th Cir. 1996). In assessing the motion, the Court must accept the well-pleaded allegations as true and draw all reasonable inferences in the light most favorable to the Plaintiff.

---

[1] The court's opinion in 13-CV-1372 noted that Plaintiff filed his first grievance relating to the claims in his complaint in March of 2013; filed a second grievance at the end of March; received a response on April 10, 2013 and filed an appeal the same day. *McKinnie*, 13-CV-1372, Dkt. 56, p. 3. Consequently, it would appear that Plaintiff exhausted all available administrative remedies at the time court entered judgment, but had not done so prior to bringing his suit as required by the Prison Litigation Reform Act.

*Gutierrez v. Peters*, 111 F. 3d 1364, 1369 (7th Cir. 1997). However, the plaintiff's factual allegations must plausibly suggest that the plaintiff is entitled to relief, "*raising that possibility above a speculative level.*" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (*citing Bell Atlantic v. Twombly*, 550 U.S. 544, 560 (2007)) (emphasis added).

The pleading standard in Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Twombly*, 550 U.S. at 555. A "plaintiff's obligation to provide the 'grounds' of his 'entitlement for relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "[A] complaint will not suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2008) (quoting *Twombly*, 550 U.S. at 557).

The Supreme Court in *Iqbal* went on to say:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* (internal citations omitted).

The Supreme Court in *Iqbal* also stated that there are two principals that underlie the holding in *Twombly*:

> First, the tenet that a court must accept as true all allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than mere conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Where the well pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged but has not shown, that the pleader is entitled to relief. In keeping with these principals, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id*. (internal citations omitted)

Thus, Plaintiff's claims must give rise to a plausible inference that he is entitled to recover to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

## ARGUMENT

**I.     PLAINTIFF FAILS TO STATE AN ADEQUATE CLAIM UNDER § 1983.**

Plaintiff's Complaint should be dismissed because Plaintiff fails to state a proper claim under § 1983. First, Plaintiff's claims do not rise to the level of punishment to violate the Due Process Clause of the Fourteenth Amendment. Secondly, Plaintiff does not have a liberty interest in being confined in a specific portion of the jail.

**a.  Plaintiff's claims do not rise to the level of punishment to violate the Due Process Clause of the Fourteenth Amendment.**

To adequately state a claim under § 1983, a party must plead that a person acting under color of state law, deprived the plaintiff of rights, privileges or immunities secured either by the United States Constitution or federal law. *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745-746 (7th Cir. 2010). Since Plaintiff was a pretrial detainee at all times relevant to this case, Plaintiff must allege sufficient facts to plausibly show Defendants' actions violated the Due Process Clause of the Fourteenth Amendment in such a way that Defendants' actions served to punish Plaintiff. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, Plaintiff must satisfy a two prong approach: first it must be plausible from the facts alleged that the conditions he experienced were objectively "sufficiently serious" such that Defendants' "act or omission results in the denial of the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). If Plaintiff's claims establish

conditions that are sufficiently serious, Plaintiff's Complaint must then state facts such that it is plausible to determine that Defendants acted with deliberate indifference to the conditions in question. *Id*. To determine if Defendants acts or omissions were deliberately indifferent to the conditions facing Plaintiff, Plaintiff's allegations must be plausible such that Defendants "knew that the inmate faced a substantial risk of serious harm, and yet disregarded that risk by failing to take reasonable measures to address it." *Id*. Furthermore, Plaintiff "must show that the official received information from which the inference could be drawn that a substantial risk existed, and that the official *actually drew the inference*." *Id* (emphasis added). "If either the objective or subjective portion is not satisfied, plaintiffs cannot make out" a claim. *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994).

Plaintiff's Complaint fails to satisfy both the objective and subjective components required to state a plausible claim. First, the conditions Plaintiff alleges he endured do not "exceed contemporary bounds of decency of a mature, civilized society." *Id*. Additionally, Plaintiff's claims do not "result in the denial of the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. Plaintiff alleges "[a]s a direct and proximate result of Dart's deliberate indifference and refusal to have adopted a housing assignment policy for disabled persons other than those who are wheelchair dependent, plaintiff was assigned to a third floor dorm in Division 2." Dkt. 1, ¶ 12. As a result, Plaintiff alleges he was required "to walk up and down stairs to take part in jail activities of eating and getting prescribed medication." *Id*. These allegations do not give rise to a plausible inference that Plaintiff was deprived the basic necessities Defendants are required to provide pretrial detainees. Simply using the term "deliberate indifference" does not give rise to a Constitutional claim; Plaintiff's claims must be

5

objectively, sufficiently serious such that the court could reasonably infer Defendants actions served to punish Plaintiff. Plaintiff's Complaint fails to do that here.

Additionally, Plaintiff alleges he "was unable to take part in the jail activity of showering" because "Plaintiff was required to remove his prosthetic leg when he showered." *Id*., ¶ 13. However there are no set of facts Plaintiff can prove in support of this claim to show that his *Constitutional* rights were violated. On July 13, 2013, Plaintiff was deposed in his previous case. *See McKinnie*, 13-CV-1372, Dkt. 36. Ex. 2, p. 12 of 44. Public court documents are items of which the court can take judicial notice. *See Henson v. CSC Credit Servs*., 29 F.3d 280, 284 (7th Cir. 1994). At that time, Plaintiff testified that he would wash up in the sink because of the alleged inability to shower. *McKinnie*, 13-CV-1372, Dkt. 36. Ex. 2, p. 12 of 44. Because the Plaintiff had alternative means to maintain his hygiene, his inability to shower is not an objectively inhumane condition of confinement. *See Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (Seventh Circuit held an inch or two of water in the shower due to an allegedly faulty drain, even when plaintiff had an infected toe, did not give rise to a constitutional violation); *Birks v. Dart*, 2014 U.S. Dist. LEXIS 46643, *12 (N.D. Ill., 2014) (LEE, J) (where plaintiff was found to have used the sink and toilet in his cell, plaintiff "had a means to maintain his daily hygiene and did not suffer from objectively inhumane conditions of confinement"); *Smith v. Schwartz*, 2011 U.S. Dist. LEXIS 5642, *2 (S.D. Ill., 2011) (MURPHY, J) (denial of shower, cleaning supplies, and laundry service for thirty-two days did not give rise to a constitutional violation). Accordingly, Plaintiff's allegations do not rise to the level of punishment; consequently, Plaintiff's Constitutional claims should be dismissed

Plaintiff's claims fail to meet the subjective component as well. Plaintiff's claims must plausibly show that Defendants had "*actual knowledge* of *impending* harm easily preventable."

*Lunsford*, 17 F.3d at 1580 (citing *Duckworth v. Franzen*, 780 F.2d 645 (7th Cir. 1985)) (emphasis added). Plaintiff attempts to meet this requirement by relating prior litigation involving detainees in wheelchairs with his claims. Dkt. 1, ¶ 9. The link between *Phipps v. Sheriff of Cook County* and this case is too tenuous to draw an inference supporting Plaintiff's claims. It cannot be reasonably inferred, nor is it plausible that Defendants had *actual* knowledge of a substantial risk of harm befalling a detainee with an apparatus designed to assist him with ambulation such as the Plaintiff, based on a lawsuit involving detainees who *cannot* ambulate and need a wheelchair. Furthermore, Plaintiff fails to allege that he faced any risk of harm; thus Plaintiff's claims are too remote for the Court to infer actual knowledge.

Moreover, Plaintiff's previous case was dismissed for failure to exhaust his administrative remedies, *see McKinnie*, 13-CV-1372, Dkt. 56, and this case arises out of the same operative set of facts and circumstances. If there is any plausible inference to be drawn at all, it is that Defendants could not have subjectively known of any impending harm easily preventable since the Plaintiff failed to alert Defendants that such harm was possible. *See Turner v. Miller*, 301 F.3d 599, 604 (7th Cir. 2002) (Seventh Circuit upheld district court's denial of summary judgment in favor of plaintiff because the evidence showed plaintiff failed to grieve the issue, thus defendants could not have the requisite knowledge to support an Eighth Amendment claim). Accordingly, Plaintiff's claims under § 1983 should be dismissed.

    **b. Plaintiff's § 1983 claims should be dismissed as he does not have a liberty interest in being housed in a specific part of the jail**.

Plaintiff has no constitutional right to be placed in a specific jail or any a specific part of a certain jail, unless the conditions present "pose an atypical and significant hardship when compared to the ordinary incidents of prison life." *Townsend*, 522, F.3d at 771; *West v. McCaughtry*, 971 F. Supp. 1272, 1275 (E.D. Wis. 1997); *see also Garrett v. Angelone*, 940 F.

Supp. 933, 942 (W.D. Va. 1996) (inmates have no constitutional right to "ADA" housing). The alleged deprivations suffered by the Plaintiff did not pose an "atypical and significant hardship when compared to the ordinary incidents of prison life." *Id*. Plaintiff was required to climb stairs to obtain food and medication, as well as wash up in a sink for an unstated amount of time as discussed *supra*. Plaintiff was not denied access to jail activities; instead it appears based on the factual allegations contained in Plaintiff's complaint that Plaintiff found walking up and down stairs to be inconvenient. Such "temporary discomfort…hardly violates common notices of decency." *Lunsford*, 17 F.3d at 1580. "The Constitution does not require prison officials to provide the equivalent of hotel accommodations or even comfortable prisons." *Id*. at 1581. While Defendants are required by the ADA and Rehab Act to provide access to programs and services already in existence, Federal law does not create a liberty interest that necessitates being housed in a particular prison or particular area of a prison for pretrial detainees under the Constitution. Accordingly, Plaintiff's § 1983 claims should be dismissed.

## II. PLAINTIFF'S ADA AND REHAB ACT CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS.

Plaintiff's ADA and Rehab Act claims against Defendants are barred by the statute of limitations in Illinois. The ADA does not contain a specific statute of limitations; accordingly the most appropriate state statute of limitations applies. 42. U.S.C. § 1988; *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985). *Wilson* dictates a three step analysis to determine which statute of limitations to use: 1) determine if the federal law provides a limitations period; 2) if no federal law applies, apply the common law as modified by state statute; and 3) the applicable state law must be consistent with the Constitution and the laws of the United States. *Id*. Courts in this circuit have determined the personal injury statute applies to Title II ADA claims. *See Soignier v. American Bd. Of Plastic Surgery*, 92 F.3d 547, 550-551 n.3 (7th Cir. 1996) (reasoning Titles II

8

and III share the same purpose, thus the three-step borrowing analysis under § 1988 should reach the same result—the application of the personal injury statute of limitations). The Illinois personal injury statute requires actions "be commenced within 2 years next after the cause of action accrued." 735 Ill. Comp. Stat. 5/13-202 (LEXIS, 2014); *see also Farrell v. McDonough*, 966 F.2d 279, 281 (7th Cir. 1992). Thus, Plaintiff had two years to seek redress of his ADA and Rehab Act claims.

In this circuit, the date of accrual under the ADA is the date of "discovery of the original act of discrimination…" *Soignier*, 92 F.3d at 551; (citing *Delaware State College v. Ricks*, 449 U.S. 250 (1980)); s*ee also Kennedy v. Chemical Waste Mgmt. Inc.*, 79 F.3d 49, 50 (7th Cir 1996) (failure to provide employee benefit was the injury that set the statute of limitations running in ADA action); *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 (7th Cir. 1995) (injury occurred when controller informed employee he would be terminated; therefore statute of limitations began to run on that date); *Palmer v. Bd. of Educ.*, 46 F.3d 682, 685-86 (7th Cir. 1995) ("Like punching someone in the nose, this act may lead to injury in the future, but when there is only one wrongful act the claim accrues with the first injury"); *Lever v. Northwestern Univ.*, 979 F.2d 552, 553 (7th Cir. 1992) ("time starts to run with 'the discriminatory act, not the point at which the consequences of the act become painful'") (citation omitted); *Conner v. Reckitt & Colman, Inc*. 84 F.3d 1100, 1102 (8th Cir. 1996) (statute of limitations for ADA claim begins to run at time of discriminatory act, not when the act's consequences become most painful).

In *Soignier*, plaintiff filed suit under the ADA against the American Board of Plastic Surgery for failure to accommodate his disability when he took his board certification exams. *Soignier*, 92 F.3d 547. The Court upheld the district court's order of dismissal, stating that at the time plaintiff completed his exam, all of the elements of an ADA claim were present—plaintiff

9

knew he was disabled and otherwise eligible to take the exam, but the Board refused him a reasonable accommodation; consequently, plaintiff's claim began to accrue at that time. *92 F.3d* at 552. Additionally, the Court held failures to further accommodate did not "constitute new, separate discriminatory acts actionable under the ADA. Rather, they are part of the harm that continued to flow…as a result of the Board's administration of the November 1992 test." *Id*.

Here, Plaintiff alleges he entered the Jail on November 4, 2012 with his prosthetic leg. *Id*. at ¶¶ 5, 6. Plaintiff alleges he was originally housed in Division 5 of the Cook County Department of Corrections (hereinafter "CCDOC") and made "repeated complaints about his placement" until he was moved to Division 2, which "includes two dormitories which are accessible to persons with ambulatory disabilities." *Id*. at ¶¶ 10, 11. Thus, like the plaintiff in *Soignier*, the essential elements of an ADA claim were present when Plaintiff was booked in to the CCDOC in November of 2012. Further proof of this is Plaintiff's action brought in February 2013. *See McKinnie*, 13-CV-1372. Accordingly, Plaintiff's ADA claim began to accrue in November 2012. When the previous case was dismissed in August 2014, Plaintiff had approximately two months to refile. Instead, Plaintiff waited until December 1, 2014 to refile his complaint. "When a federal civil action is dismissed without prejudice, the statute of limitations runs continuously." *Lee v. Cook County*, 635 F.3d 969, 971 (7th Cir. 2011). Therefore, Plaintiffs ADA and Rehab Act claims are barred by the statute of limitations; consequently those claims should be dismissed.

### III. PLAINTIFF'S INDIVIDUAL CAPACITY CLAIMS AGAINST DEFENDANT THOMAS DART UNDER THE ADA AND REHAB ACT SHOULD BE DISMISSED.

*Assuming arguendo* this court finds the ADA and Rehab Act claims are not barred by the statute of limitations, the plain language of Title II of the ADA states that a disabled individual shall not "be excluded from participation in or be denied the benefits of the services, programs,

or activities of *a public entity*, or be subjected to discrimination *by any such entity*." (emphasis added) 42 U.S.C. § 12132 (LEXIS, 2014). Additionally, a public entity is defined as: "any State or local government; any department, agency, special purpose district, or other instrumentality of a State or States or local government; and the National Railroad Passenger Corporation, and any commuter authority." 42 U.S.C. § 12131 (LEXIS, 2014). The plain language of the statute precludes Defendant Thomas Dart from being held liable as an individual. Moreover, the Seventh Circuit found that "ADA claims against individual defendants in their individual capacity must fail because the Act authorizes suits only against public entities." *Brewer v. Wis. Bd. of Bar Examiners*, 270 Fed. Appx. 418, 421 (7th Cir. 2008).

Plaintiff's claims against Defendant Thomas Dart in his individual capacity are also invalid under the § 504 of the Rehab Act. A plaintiff "cannot proceed against any of the individual defendants in their personal capacities because the [Rehabilitation] Act authorizes suits only against public entities." *Brewer,* 270 Fed. Appx. at 421. (See also *Dent v. City of Chicago.*, 2003 U.S. Dist. LEXIS 13417 (N.D. Ill. 2003 (Zagel, J.) citing *EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1279-82 (7th Cir. 1995) (observing that "the law is well-settled that there is no individual liability under . . . the ADA [and] the Rehabilitation Act . . . .)). Accordingly, claims against Defendant Thomas Dart in his individual capacity under the ADA and Rehab Act must be dismissed.

## CONCLUSION

WHEREFORE Defendants THOMAS DART, Sheriff of Cook County and COOK COUNTY, IL, for all of the foregoing reasons, respectfully requests this Honorable Court grant Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), dismiss

Plaintiff's Complaint with prejudice, and any other relief this Court deems appropriate.

>Respectfully submitted,
>
>ANITA ALVAREZ
>State's Attorney of Cook County
>
>*/s/ Nicholas E. Cummings*
>Nicholas E. Cummings
>Assistant State's Attorney
>Torts/Civil Rights Litigation Section
>500 Richard J. Daley Center
>Chicago, IL 60602
>(312) 603-6638
>nicholas.cummings@cookcountyil.gov