# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Berl McKinnie, | |
| Plaintiff, | Case No. 14 C 9588 |
| v. | Judge John Robert Blakey |
| Thomas Dart and Cook County, Illinois, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

This lawsuit arises from the housing conditions at Cook County Jail. Plaintiff Berl McKinnie, who has a prosthetic right leg, alleges that Defendants Sheriff Thomas Dart (in his individual and official capacities) and Cook County housed him in Divisions that lacked handicap-accessible facilities. Plaintiff brings claims under the Fourteenth Amendment (through 42 U.S.C. § 1983), the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12132) and the Rehabilitation Act (29 U.S.C. § 794(a)).

Defendants move to dismiss [18]. For the following reasons, the motion is denied.

## I. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), this Court must construe the Complaint [1] in the light most favorable to Plaintiff, accept as true all well-pleaded facts and draw reasonable inferences in their favor. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013); *Long v. Shorebank Development Corp.*, 182 F.3d 548,

554 (7th Cir. 1999). Statements of law, however, need not be accepted as true. *Yeftich*, 722 F.3d at 915. Rule 12(b)(6) limits this Court's consideration to "allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

To survive Defendant's motion under Rule 12(b)(6), the Complaint must "state a claim to relief that is plausible on its face." *Yeftich*, 722 F.3d at 915. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## II. Background

### A. Procedural Background

An earlier lawsuit captioned *McKinnie v. Dart*, Case No. 13 C 1372, involved the same parties and the same claims here. This Court refers to the earlier suit as *McKinnie I*. *McKinnie I* was ultimately dismissed on summary judgment on August 26, 2014, because Plaintiff had not exhausted his administrative remedies at the time the suit was filed. The parties have advised this Court that there is no dispute that this lawsuit was brought after Plaintiff exhausted his administrative remedies. 3/5/15 Hr'g.

This Court takes judicial notice of the proceedings from *McKinnie I*. *See General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81

2

(7th Cir. 1997). Indeed, both parties incorporate the record in *McKinnie* I in their motion to dismiss briefing. *See, e.g.*, [18] at 6; [23] at 8.

### B. Factual Background

Plaintiff, who has a prosthetic right leg, was a pre-trial detainee at Cook County Jail from November 4, 2012 to April 18, 2013. Compl. [1] ¶ 2-3, 5-7. Plaintiff was initially housed in Division 5. Compl. [1] ¶ 10. He complained about this housing assignment and was reassigned to Division 2. Compl. [1] ¶ 11. Plaintiff has not pled the dates on which he was assigned to Division 2 and Division 5.

Plaintiff alleges that Defendants did not accommodate his disability through their housing assignments. First, Plaintiff was assigned to a third floor cell in Division 2, which necessitated that he traverse three flights of stairs to eat and obtain his prescription medications. Compl. [1] ¶¶ 11-12. Second, the handicap accessible showers in Division 2 were on the first floor. Compl. [1] ¶ 11. Plaintiff has not pled whether there were handicap accessible showers in Division 5. Plaintiff was unable to shower (in either or both of Divisions 2 and 5) without access to handicap accessible showers. Compl. [1] ¶ 13. Plaintiff had to remove his prosthetic leg while showering and required a shower chair or other device to remain stable. Compl. [1] ¶ 13. Plaintiff was deposed in *McKinnie I*, and he testified under oath that he washed his upper body only in a sink because he was unable to shower. McKinnie Dep. Tr. 48:2-18, attached to Case No. 13 C 1372, DE 36-2.

Plaintiff alleges that prior to November 4, 2012, when he was incarcerated, Sheriff Dart learned through the Court's decision in *Phipps v. Sheriff of Cook County*, 681 F. Supp. 2d 899 (N.D. Ill. 2009), that correctional officers were not providing reasonable housing accommodations to wheelchair bound inmates. Compl. [1] ¶ 9. In response to that decision, Sheriff Dart adopted a revised policy for housing assignments for wheelchair bound detainees. Compl. [1] ¶ 9. He did not revise the policy for other disabled detainees until August 14, 2014, after Plaintiff was released. Compl. [1] ¶ 9.

## III. Analysis

### A. Section 1983 Claim

Plaintiff alleges that Defendants violated the Fourteenth Amendment by not accommodating his disability.

Defendants move to dismiss that claim against Sheriff Dart, apparently both in his official or individual capacities. *See* [18] at 4-7; 3/5/15 Hr'g; [26] at 4. They argue that Plaintiff has not pled a sufficiently serious condition of confinement under the Fourteenth Amendment. [18] at 4-6. Plaintiff, however, has not advanced a condition of confinement claim. He instead has alleged a denial of medical care. [23] at 6-7. Consistent with the other courts in this District that have addressed analogous cases, this Court will examine Plaintiff's claim under the denial of medical care framework. *E.g.*, *Hernandez v. Dart*, No. 14 C 1236, 2014 WL 3511516, at *2-4 (N.D. Ill. July 16, 2014); *Lawrence v. Dart*, No. 13 C 2053, 2013 WL 3672090, at *2-3 (N.D. Ill. July 12, 2013).

### 1. Individual Capacity

To prove a claim for denial of medical care, Plaintiff must show: (1) that he had an objectively serious medical condition; (2) that Defendants knew of the condition and were deliberately indifferent to treating Plaintiff; and (3) that this indifference caused Plaintiff some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

#### a) Objectively Serious Medical Condition

An objectively serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention. *Thomas v. Cook County Sheriff's Department*, 604 F.3d 293, 301 (7th Cir. 2010). This is not an onerous standard. For example, a dislocated finger, a hernia, arthritis, heartburn and vomiting, and a broken wrist are each serious medical conditions. *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012).

In comparison to these afflictions, Plaintiff's disability—having a prosthetic leg—is an objectively serious condition. Compl. [1] ¶ 3, 6-7. Other Court have held that both having a prosthetic leg and being wheelchair bound are objectively serious medical conditions. *Hernandez*, 2014 WL 3511516, at *3 (wheelchair bound); *Lawrence*, 2013 WL 3672090, at *2 (prosthetic leg).

#### b) Deliberate Indifference

Under the second prong, the official must have had subjective knowledge of the risk to the inmate's health, and he also must have disregarded that risk. *See*

*Collins v. Seeman*, 462 F.3d 757, 761 (7th Cir. 2006). Evidence that the official acted negligently is insufficient to prove deliberate indifference. *See Hicks v. Churchich*, 161 F.3d 1030, 1040 (7th Cir. 1998). Rather, "'deliberate indifference' is simply a synonym for intentional or reckless conduct, [and] 'reckless' describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred." *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999). Even without direct participation, a supervisor may be liable if he knew about the constitutional deprivation and facilitated, approved, condoned or turned a blind eye to that conduct. *Jones v. City of Chicago*, 856 F.2d 985, 992-93 (7th Cir. 1998). Circumstantial evidence is appropriate proof of deliberate indifference. *Foelker v. Outagamie County*, 394 F.3d 510, 513 (7th Cir. 2005).

This Court joins the growing list of other Courts in this District that have held that disabled detainees (either because they had a prosthetic leg or were wheelchair bound) sufficiently pled deliberate indifference at this early stage of the proceedings against Sheriff Dart in his individual capacity. *E.g.*, *Blossom v. Dart*, No. 13 C 9202, __ F. Supp. 2d __, 2014 WL 4079356, at *2-3 (N.D. Ill. Aug. 14, 2014); *Despenza v. Sheriff of Cook County*, No. 13 C 2357, 2014 WL 1246298, at *1-2 (N.D. Ill. March 24, 2014); *Crockwell v. Dart*, No. 13 C 4880, 2013 WL 6796788, at *2-4 (N.D. Ill. Dec. 23, 2013); *Evans v. Dart*, No. 13 C 4200 (N.D. Ill. Oct. 11, 2013) (attached as Exhibit 5 to [23]); *Lawrence*, 2013 WL 3672090, at *2-3; *Whisby v. Dart*, 12 C 8637 (N.D. Ill. Feb. 14, 2013); *see Hernandez*, 2014 WL 3511516, at *3. In those cases, the detainees alleged that Cook County Jail did not provide them

6

with handicap-accessible housing facilities. Their complaints included allegations that (1) officials at the Jail knew about the disability, (2) the detainee had complained about the lack of handicap-accessible housing facilities and/or (3) Sherriff Dart had learned from the *Phipps* litigation that correctional officers were not providing reasonable housing accommodations to wheelchair bound inmates. These allegations are echoed here (*see* Complaint [1] ¶¶ 7-13), and are sufficient at this early stage in the litigation.

Defendants cite *Turner v. Miller*, 301 F.3d 599, 604 (7th Cir. 2002), to argue that there can be no deliberate indifference because *McKinnie I* was dismissed due to Plaintiff's failure to exhaust. [26] at 2. *Turner*, however, did not require exhaustion to show knowledge under the deliberate indifference prong. Rather, the Seventh Circuit identified the absence of a grievance as one of multiple reasons why the defendants there lacked knowledge. 301 F.3d at 603-04. As shown above, here, Plaintiff sufficiently has shown knowledge; and, in any event and as Defendants agree, also exhausted his administrative remedies before filing this lawsuit.

### c) Injury

Plaintiff alleges he was unable to shower in stalls lacking handicap accommodations, such as shower chairs. Compl. [1] ¶ 13. Plaintiff nonetheless was able to wash his upper—but not lower—body in the sink. McKinnie Dep. Tr. 48:2-18, attached to Case No. 13 C 1372, DE 36-2. Defendants do not dispute that Plaintiff has pled an adequate injury.

7

Access to facilities to wash are among the "minimal civilized measure of life's necessities" that must be afforded to inmates. *Jaros v. Illinois Department of Corrections*, 684 F.3d 667, 670 (7th Cir. 2012) (internal quotations omitted). The Seventh Circuit has held that limiting inmates to weekly showers does not state a constitutional injury, *id.* at 670-71, but, based on the present record, Plaintiff may not have been able to wash his lower body even that often. The Court in *Hernandez*, moreover, surveyed the case law in this District and concluded that disabled detainees sufficiently pled an injury where the complaint showed that they could not shower, for example, or were otherwise injured or exposed to such a risk because Cook County Jail did not accommodate their disabilities. 2014 WL 3511516, at *3-4.

Plaintiff sufficiently has pled a constitutional injury.

### 2. Official Capacity

A suit against Sheriff Dart in his official capacity is treated as one against Cook County (who also is a Defendant here). *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008). Plaintiff must show that he suffered a constitutional injury, and that injury was caused by: (1) an express policy; (2) a widespread practice that is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a person with final policy-making authority. *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008); *see also Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978).

The analysis for the individual capacity claim largely applies here. As multiple Courts have found, the unconstitutional policy here is one of inaction: Defendants failed to act when they learned that correctional officers were not providing reasonable housing accommodations to disabled detainees.[1] *Blossom*, 2014 WL 4079356, at *3; *Crockwell*, 2013 WL 6796788, at *2-3; *Evans*, No. 13 C 4200; *Lawrence*, 2013 WL 3672090, at *2; *Whisby*, 12 C 8637; *see King*, 680 F.3d at 1021. Plaintiff sufficiently has stated a claim against Sherriff Dart in his official capacity.

B. **ADA and Rehabilitation Act Claims**

1. **Statute of Limitations**

Defendants argue that Plaintiff's ADA and Rehabilitation Act claims are time-barred. Defendants argue that: (1) the two-year personal injury statute of limitations (735 ILCS 5/13-202) applies to those claims; (2) the statute began running on or around November 4, 2012, when Plaintiff entered Cook County Jail and discovered the violations; and (3) Plaintiff did not file this litigation until December 1, 2014 (*see* [1])—approximately one month after the statute of limitations expired. [18] at 8-10.

Even assuming that that the statute of limitations began running on November 4, 2012 and was two years, Plaintiff is correct (*see* [23] at 9-10) that the

---

[1] Separately, Defendants argue that Plaintiff does not have a Fourteenth Amendment liberty interest in being housed in a specific part of Cook County Jail. [18] at 7-8. Plaintiff responds that he is not claiming this kind of liberty interest. [23] at 6 n.2. Accordingly, this aspect of Defendants' motion to dismiss is denied as moot.

9

ADA and Rehabilitation Act claims are not time-barred because the Illinois tolling statute (735 ILCS 5/13-216) applies.

Under the Illinois tolling statute, claims that are subject to the Prison Litigation Reform Act are tolled while the inmate completes the prison's administrative grievance process. *Johnson v. Rivera*, 272 F.3d 519, 521-22 (7th Cir. 2001). The Prison Litigation Reform Act bars inmates from bringing lawsuits "with respect to prison conditions under section 1983 of this title, or any other Federal law … until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Seventh Circuit has defined "prison conditions" to mean "the effects of actions by government officials on the lives of persons confined in prison." *Witzke v. Femal*, 376 F.3d 744, 750-51 (7th Cir. 2004) (internal quotations omitted). This definition encompasses inmate complaints about medical treatment and conditions of confinement at the prison. *Id.* at 751-52.

Consistent with this broad definition, courts within this Circuit and elsewhere have extended the Prison Litigation Reform Act's exhaustion requirement to ADA and Rehabilitation Act claims. *E.g.*, *Ward v. Jess*, No. 06 C 1243, 2007 WL 1975899, at *1-2 (E.D. Wis. July 6, 2007); *Bolden v. Stroger*, No. 03 C 5617, 2005 WL 283419, at *1-2 (N.D. Ill. Feb. 1, 2005); *see also Woodford v. Ngo*, 548 U.S. 81, 84-85 (2006) (discussing the broad scope of the Prison Litigation Reform Act's exhaustion requirement); *O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1060-62 (9th Cir. 2007) (extending the exhaustion requirement to ADA and Rehabilitation Act claims); *Jones v. Smith*, 266 F.3d 399, 400 (6th Cir. 2001)

(extending the exhaustion requirement to an ADA claim). The ADA and Rehabilitation Act are "Federal law" under Section 1997e(a). In *Bolden*, the Court applied the exhaustion requirement to an ADA claim that inmates with mental illness at Cook County Jail were prevented from participating in pre-release programs. 2005 WL 283419, at *1-2. Likewise, in *Ward*, the Court extended the Act's exhaustion requirement to an inmate's claims that his prison confinement was noncompliant with the ADA because there was discrimination against hearing impaired inmates, including inadequate access to telephone privileges. 2007 WL 1975899, at *1-2.

The ADA and Rehabilitation Act claims here are subject to the Prison Litigation Reform Act's exhaustion requirement. As in *Bolden* and *Ward*, the claims here arise from prison conditions at Cook County Jail, that is, the inadequate housing accommodations made for disabled detainees. Specifically, Plaintiff alleges he was assigned to non-handicap housing units despite having a prosthetic leg. *See* Complaint [1] ¶¶ 12-13.

Because the Prison Litigation Reform Act extends to Plaintiff's ADA and Rehabilitation Act claims, the statute of limitations was tolled while Plaintiff was exhausting his administrative remedies. That was at least 35 days—from no later than March 7, 2013, when Cook County Jail received Plaintiff's first grievance, through at least April 10, 2013, when Plaintiff appealed the response to his

grievance.[2] Officer Rossetti Aff. ¶¶ 4-7, attached to Case No. 13 C 1372, DE 36-3; *see McKinnie v. Dart*, No. 13 C 1372, 2014 WL 4214844, at *1 (N.D. Ill. Aug. 26, 2014). Plaintiff thus had at least until December 5, 2014 to timely file this lawsuit.

Because Plaintiff filed this lawsuit before December 5, 2014, his ADA and Rehabilitation Claims are not time-barred.

### 2. Failure to State a Claim under the ADA

Defendants argue for the first time in reply that the ADA claim fails because Plaintiff has not pled a denial of services, programs or activities covered by the statute. [26] at 2-3.

Plaintiff has stated a viable ADA claim. Plaintiff alleges he was denied access to the showers because he was not housed in a dormitory with handicap accessible facilities. Compl. [1] ¶ 13. It is established that the denial of access to showers is protected by the ADA. *Jaros*, 684 F.3d at 671-72; *Phipps*, 681 F. Supp. 2d at 916 (collecting cases). The recent Seventh Circuit decision cited by Defendants did not alter this fact. [26] at 3 (citing *Wagoner v. Lemmon*, No. 13-3839, __ F.3d __, 2015 WL 449967 (7th Cir. Feb. 4, 2015)). *Wagoner* did not hold that denial of access to showers falls outside the ADA. 2015 WL 449967, at *5-6.

---

[2] Plaintiff's grievance is dated February 25, 2013, but the record does not show if it actually was filed that day. *See* Officer Rossetti Aff. ¶¶ 5-6, attached to Case No. 13 C 1372, DE 36-3. The grievance may not have been filed until March 2013. In the summary judgment briefing from *McKinnie I*, Plaintiff "agreed" with the following statement of fact: "The first time Plaintiff filed a grievance regarding the fact he was handicapped and had issue with the stairs, toilet and showers at the CCJ was in March 2013." Pl.'s Response to Defs.' Statement of Facts ¶ 9, attached to Case No. 13 C 1372, DE 44.

### 3. Individual Capacity

Defendants move to dismiss the purported individual capacity claim brought against Sheriff Dart for violations of the ADA and the Rehabilitation Act. *See* [18] at 10-11. Plaintiff responds that he does not seek to impose individual liability against Sheriff Dart under those statutes. *See* [23] at 2 n.1. This aspect of the motion to dismiss thus is denied as moot.

## IV. Conclusion

The motion to dismiss [18] is denied. The next status hearing remains scheduled for March 19, 2015 at 9:45 a.m. in Courtroom 2201.

Dated: March 10, 2015

Entered:

John Robert Blakey
United States District Judge